## SLONE *v.* THOMAS.

1. To entitle a party to recover on a lost instrument, the proof of the genuineness of the original must be positive.

2. A witness familiar with the handwriting of the supposed drawer of a note was shown it in the course of an attempt by him to purchase it. No suspicion of its genuineness was raised in his mind, but he had not then nor since formed any opinion on the subject. This is not competent to go to the jury, as proof of a lost note.

IN error from the Common Pleas of Warren.

Assumpsit on a lost note, alleged to have been drawn by the defendant.

The witness called by the plaintiff to prove the note, said: "In the fall of the year 1846 the plaintiff showed me a note for $100, without interest, dated in May or June preceding, and payable the June following, with defendant's name to it as maker, and payable to the plaintiff. I cannot say positively that it was in defendant's handwriting, nor that the signature to it was. Did not notice whose handwriting the signature or body was; did not occur to me to look at the handwriting. I am acquainted with defendant's handwriting from having business transactions and connexions with him, and it did not occur to me when I saw the note but that it was genuine. It did not occur to me to examine particularly whose handwriting the signature was. I tried to buy this $100 note from him, but could not; I cannot say I formed any opinion of the handwriting then or since, nor did I make any particular examination as to whose hand-writing the signature to the note was. I took no particular notice. It never once entered my head about the writing not being defendant's. It did not enter into my head about the writing at all. I

then formed no opinion of the handwriting, and made no examination to enable me to form an opinion now, as to the handwriting. The body and signature I think were all in the same hand."

The plaintiff also gave evidence of the loss of the note.

CHURCH, P. J., told the jury the evidence was slight, but he felt bound to submit it to them to find on it whether the note was executed by defendant.

*Brown*, for plaintiff in error.—The same proof of execution is required when the instrument is lost as when produced: 6 W. 228; 3 Whart. 424; 1 Stark. Ev. 340, and n. d.; 1 Greenl. Ev. § 528, n. 3. In such case there must be such knowledge as enables the witness to swear to his belief on the subject: 2 Stark. Ev. 372; 6 S. & R. 568; 10 Ib. 110; 14 Ib. 372; 1 Penn. 216. Under the ruling of the Court, the wisest course in all cases of doubt would be to lose the instrument.

*Curtis*, contrà.—The circumstance that an examination was made with intent to purchase, by one familiar with the handwriting of the drawer, without any suspicion arising, is surely evidence from which a jury may infer the genuineness of the note.

ROGERS, J.—We are unable to perceive such evidence of the existence of the note, on which the suit is brought, as the law requires, before proof can be given of its contents. There is but one witness. to this essential point. It is true, the witness swears that he is acquainted with defendant's handwriting, from having had business transactions and connexions with him, and it did not occur to him when he saw the note but that it was genuine. The witness was trying to buy the note. The most that can be made of the testimony is that the witness took it for granted it was the defendant's note, merely because a note which was said to be his, and which he was desirous of buying, was in the possession of the plaintiff. A question somewhat resembling this was decided at our last term in Pittsburgh, in the case of Brashears *v.* McArthur. The witness is not even willing to swear he believes the signature was the handwriting of the defendant; all he ventures to say is that it did not occur to him but that the note was genuine. Instead of swearing to his belief, he expressly says he formed no opinion of the handwriting then nor since; nor did he make any particular examination as to whose handwriting the signature to the note was. It would be dangerous, on such proof, to admit secondary evidence

of its contents; for it is nothing more than the declaration of a person who at the time was interested in asserting that the note was a genuine paper. It would lead to great mischief if we should relax the rules of evidence as to this point. The evidence would be clearly insufficient proof of the note if produced, and less ought not to be required except in the case of a spoliator, when the note is said to be lost.

Judgment reversed, and a <em>venire de novo</em> awarded.